Submitted October 19, 2020, reversed and remanded September 15, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MICHAEL D. SANDERS,
aka Michael David Sanders,
*Defendant-Appellant.*

Curry County Circuit Court
18CR77944; A170803

497 P3d 1259

Jesse C. Margolis, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Sara F. Werboff, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Daniel Norris, Assistant Attorney General, filed the brief for respondent.

Before DeVore, Presiding Judge, and DeHoog, Judge, and Mooney, Judge.

PER CURIAM

Reversed and remanded.

## PER CURIAM

In this criminal appeal, the jury found defendant guilty of theft in the third degree. ORS 164.043. During defendant's closing argument, the state objected, arguing that certain of defense counsel's statements concerned facts not admitted into evidence. In a single assignment of error, defendant argues that the trial court erred when it sustained that objection, because the evidence had, in fact, been introduced into evidence. Having reviewed the briefing and relevant portions of the record, we reverse and remand. We also conclude that a more detailed discussion of the facts and our analysis in this case would not benefit the bench, the bar, or the public.

As an initial matter, the state argues that defendant failed to preserve his claim of error "by remaining silent when the trial court made an incorrect ruling," reasoning that "[d]efendant had an obligation to make a sound, clear and articulate objection explaining why the court made an incorrect ruling." However, we rejected a similar argument in *State v. Wirfs*, 250 Or App 269, 273-74, 281 P3d 616 (2012).

Here, we conclude that defendant's assignment of error was adequately preserved. That is because the state's objection identified the ground on which defendant is now appealing, and the trial court, having presided over the entire trial, ruled on that ground. Thus, like in *Wirfs*, the purposes of preservation were served: The trial court had a chance to consider the issue and the state was not taken by surprise. *Id.*; *see also Peeples v. Lampert*, 345 Or 209, 219, 191 P3d 637 (2008) (explaining the purposes of the preservation requirement).

Regarding the merits of defendant's assigned error, the state does not dispute that the trial court incorrectly concluded that defense counsel was arguing facts not in evidence. We agree that defense counsel's arguments were supported by evidence that had been admitted into the record. Thus, the court erred when it sustained the state's objection to defendant's closing arguments. *See State v. Stull*, 296 Or App 435, 442, 438 P3d 471 (2019) (a trial court abuses its discretion when it makes a choice that is not within the range of legally permissible outcomes).

Lastly, we agree with defendant and conclude that the trial court's error was not harmless. We cannot say that there was little likelihood that the court's erroneous ruling affected the jury's verdict. And that is because the court told the jury to disregard evidence that was critical to defendant's theory of the case. Furthermore, we reject the state's argument that, notwithstanding the court's error, defense counsel was still able "to make the same point" by using "slightly different phrasing in his argument." We therefore reverse and remand.

Reversed and remanded.